# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-6330 PA (KSx) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Greg Williams v. BMW of N. Am., LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant BMW of North America, LLC ("Defendant") on August 28, 2017. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Greg Williams ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.[1/]

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd.,

---

[1/] The Notice of Removal alleges that "all requirements for diversity jurisdiction" are met and attempts to satisfy the amount in controversy requirement contained in 28 U.S.C. § 1332(a), but erroneously alleges that the amount in controversy requirement is an amount in excess of $50,000, rather than the $75,000 requirement that has been in place since 1997. Confusingly, the Notice of Removal cites to 28 U.S.C. § 1331, and includes a reference to the Court's federal question jurisdiction. The Complaint does not include a federal claim. All of the Complaint's causes of action rely on California law.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6330 PA (KSx) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Greg Williams v. BMW of N. Am., LLC | | |

704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

  The Notice of Removal contains no allegations concerning the citizenship of either party. Nor does the Complaint allege sufficient facts to establish the citizenship of the parties for purposes of the Court's diversity jurisdiction. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Dugdale v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes"). As a result, Defendant's failure to allege facts concerning its own citizenship is insufficient to invoke this Court's diversity jurisdiction. See Kanter, 265 F.3d at 857.

  For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. BC668738 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.